

Signed and Filed: June 08, 2011

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 10-34281 |
| | ) |
| RALPH GOFF MCCULLERS, II, | ) Chapter 13 |
| | ) |
| Debtor. | ) |

**MEMORANDUM DECISION REGARDING TRUSTEE'S
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

The principal issue raised in this case is whether section 541(b)(7)[1] authorizes a chapter 13 debtor to deduct voluntary postpetition contributions to a qualified benefit plan in calculating the debtor's disposable income under section 1325(b). I conclude that section 541(b)(7) does not authorize such a deduction.

**FACTS**

Debtor is a 43-year-old single man with no dependents, who earns $9,806 per month. As of the petition date he owed $23,571 on a car loan, $27,000 to his ex-wife, $71,461 to general unsecured

---

[1] All statutory references are to the United States Bankruptcy Code, Title 11 of the United States Code.

creditors, and $23,780 to his own 401(k) retirement plan.

Debtor proposed a chapter 13 plan under which he would pay $200 per month for 60 months. General unsecured creditors would receive total payments of $7,900, which represents approximately 11 percent of their claims. Debtor would pay the priority support claim of his ex-wife and repay the loan from his 401(k) retirement plan in full outside of the plan.

The chapter 13 trustee objected to confirmation of the plan, contending that the plan did not pay to unsecured creditors all of Debtor's "projected disposable income," as required under section 1325(b).

Whether Debtor's plan provides for the payment of all of his projected disposable income turns upon whether Debtor is entitled to deduct voluntary contributions to his 401(k) plan, and amounts necessary to repay money he borrowed from that plan.

In calculating his disposable income on Official Form B22C, Debtor claimed a deduction of $1,921 per month for payments to his 401(k) plan. This amount includes both ongoing contributions to the plan and repayment of the loan Debtor obtained from his plan, but does not specify how much represents new contributions and how much represents repayment of the loan. In the last pay period before the petition date, Debtor made a new contribution of $1,768 and a loan payment of $721. Debtor acknowledges that his employer does not require him to make any contributions to his 401(k) plan and that all proposed contributions to that plan are voluntary.

Trustee contends that as a matter of law Debtor is not entitled to deduct any voluntary retirement contributions in calculating his disposable income. Trustee acknowledges that under

section 1322(f) Debtor is entitled to deduct payments necessary to repay the loan from his 401(k) plan, but contends that the loan will be repaid after 32 months, and that plan payments should be increased once the loan is repaid.

Debtor contends that, under section 541(b)(7), he is entitled to deduct contributions in the maximum amount permissible under a 401(k) plan, and that the total amount deducted over the life of the plan does not exceed the deductions authorized under section 1322(f) and section 541(b)(7). Debtor further contends that his ongoing contributions are reasonable and necessary to provide for his retirement in light of his age and existing retirement savings.[2]

**DISCUSSION**

A. Repayment of Money Borrowed from Retirement Plan

Trustee acknowledges that section 1322(f) permits Debtor to deduct the amount necessary to repay money Debtor borrowed from his retirement plan in calculating his disposable income.[3] Trustee complains that Debtor's plan does not provide for payments to increase after Debtor has repaid the loan, which Trustee contends will occur 32 months into the 60-month plan.[4]

---

[2] Debtor is 43 years old. He had approximately $88,000 in his 401(k) plan as of the petition date, and has no other retirement savings. Debtor contends that his planned postpetition contributions are reasonable and necessary, because he must make contributions at that rate to be able to retire at age 67 and replace 75 percent of his current income from social security benefits and his retirement savings. For the reasons set forth below, I do not determine whether Debtor's contemplated contributions are reasonable and necessary.

[3] Section 1322(f) provides: "A plan may not materially alter the terms of a loan described in section 362(b)(19) and any amounts required to repay such loan shall not constitute 'disposable income' under section 1325."

[4] Trustee's assertion that the loan would be repaid in 32 months appears to be based on the assumption that the loan was $23,780 as of the petition date, and that Debtor would repay the

**MEMORANDUM DECISION REGARDING**
**TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF CHAPTER 13 PLAN**

The calculation of a debtor's projected disposable income must take into account any changes in the debtor's financial circumstances that are reasonably certain to occur during the term of the plan. <u>Ransom v. FIA Card Servs., N.A.</u>, 131 S.Ct. 716, 725 (2011); <u>Hamilton v. Lanning</u>, 130 S.Ct. 2464, 2478 (2010). Thus, at such time that a retirement loan is fully repaid, the postpetition income previously used to repay that loan must then be used to pay creditors. <u>In re Lasowski</u>, 575 F.3d 815, 820 (8th Cir. 2009); <u>Burden v. Seafort (In re Seafort)</u>, 437 B.R. 204, 211 (6th Cir. BAP 2010).

It appears that Debtor's loan from his 401(k) plan will be fully repaid 32 months into the 60-month plan. At that time, the income previously used to repay that loan becomes disposable income that must be used to repay creditors.[5] Debtor's current plan does not provide for such an adjustment.

B. Voluntary Retirement Contributions

Trustee's second objection to confirmation raises a more difficult question, whether subsection 541(b)(7) authorizes Debtor to deduct voluntary postpetition contributions to his 401(k) retirement plan in determining the disposable income he must devote to payment of his creditors.

1. The Statutory Framework

Section 541(b)(7) provides the only means by which an *above-median-income* chapter 13 debtor can make *voluntary* postpetition contributions to a qualified retirement plan over the objection of

---

loan at the rate of $721 per month, the amount he repaid in the last month prior to the petition date.

[5] If the loan were repaid without interest and in equal monthly payments over the full 60 months of the plan, the monthly payments would be only $396.33 per month.

a creditor or the trustee.  Under section 1325(b)(1), a chapter 13 plan can be confirmed over the objection of the trustee or an unsecured creditor only if the debtor contributes all "projected disposable income" to the plan.  The calculation of "projected disposable income" begins with the calculation of "disposable income," which is defined as current monthly income less necessary expenses.  § 1325(b)(2).  For an above-median-income debtor, necessary expenses are limited to those recognized in IRS debt-collection guidelines.  §§ 707(b)(2) and 1325(b)(3).  Under the IRS guidelines, mandatory retirement contributions are deductible, but voluntary contributions are not.[6]  <u>Egebjerg v. Anderson (In re Egebjerg)</u>, 574 F.3d 1045, 1051-52 (9th Cir. 2009); <u>In re Prigge</u>, 441 B.R. 667, 676-77 (Bankr. D. Mont. 2010).  Debtor does not contend that any of the contributions he seeks to deduct are required by his employer.  Thus, the question presented is whether the very specific provisions of subsection 541(b)(7), discussed below, override the more general provisions of subsections 707(b)(2) and 1322(b) just described.

Section 541(b)(7)(A) states that property of the estate does not include any amount

> withheld by an employer from the wages of employees for payment as contributions
>> [to three different forms of retirement savings plans that qualify for tax deferment under the Internal Revenue Code of 1986]
>
> *except that such amount under this paragraph shall not constitute disposable income as defined in section 1325(b)(2).*

(emphasis added).

---

[6] Postpetition retirement contributions of below-median-income debtors are not governed by section 707(b) and the IRS guidelines, and are instead governed by more general principles of necessity and reasonableness.  § 1325(b)(2),(3).

**MEMORANDUM DECISION REGARDING**
**TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF CHAPTER 13 PLAN**      -5-

The reported decisions on section 541(b)(7) are split among three highly divergent interpretations: (1) that the debtor may continue to contribute at the rate he or she contributed prepetition; (2) that the debtor may contribute the maximum amount permitted under the statute governing the type of plan at issue; and (3) that section 541(b)(7) does not authorize postpetition contributions in any amount.

2. The <u>Seafort</u> Decision

The highest court to address the issue held that section 541(b)(7) excludes from disposable income postpetition contributions up to the amount of the debtor's prepetition contributions. <u>Burden v. Seafort (In re Seafort)</u>, 437 B.R. 204 (6th Cir. BAP 2010). <u>Seafort</u> was followed in the only reported bankruptcy court decision to address the question since <u>Seafort</u> was decided. <u>In re Noll</u>, 2010 WL 5336916 (Bankr. E.D. Wis. 2010). The <u>Seafort</u> court cites three reasons in support of its decision.

First, <u>Seafort</u> concludes that the contributions excluded from property of the estate under section 541(b)(7) are *prepetition* contributions.

> Property of the estate under § 541(a)(1) and exclusions from property of the estate under § 541(b) must both be determined on the date of the filing of the case. As provided in the statute, § 541(a) specifically states that "the commencement of a case . . . creates an estate." Section 541(b) excludes certain property from the definition of "property of the estate." Read together, § 541(a) and (b) establish a fixed point in time at which parties and the bankruptcy court can evaluate what assets are included or excluded from property of the estate. Section 541(a) clearly establishes this point as the commencement of the case. Therefore, only 401(k) contributions which are being made at the commencement of the case are excluded from property of the estate under § 541(b)(7).

<u>Id.</u> at 209 (quotations and ellipses in original). That section

**MEMORANDUM DECISION REGARDING
TRUSTEE'S OBJECTION TO
CONFIRMATION OF CHAPTER 13 PLAN**     -6-

541(b)(7) excludes only prepetition contributions from property of the estate is crucial to the issue at hand, because the plain language of section 541(b)(7) excludes from disposable income only "such amount" excluded from property of the estate.

Next, Seafort notes that section 1306, which addresses property acquired after the petition date in a chapter 13 case, does not exclude postpetition retirement contributions either from property of the estate or from disposable income.

> Rather, 401(k) contributions are only excluded in § 541 which specifically applies to property in existence at the commencement of the case. Because Congress identified 401(k) contributions as excluded in § 541, but not in § 1306, the Panel concludes that the absence of any reference in § 1306 to 401(k) contributions was intentional.

Id. at 209.

Finally, Seafort determines that limiting retirement contributions permissible under a chapter 13 plan to the amount debtor contributed prepetition is consistent with legislative intent.

> In regard to retirement savings, Congress clearly intended to strike a balance between protecting debtors' ability to save for their retirement and requiring that debtors pay their creditors the maximum amount they can afford to pay. This balance is best achieved by permitting debtors who are making contributions to a Qualified Plan at the time their case is filed to continue making contributions, while requiring debtors who are not making contributions at the time a case is filed to commit postpetition income which becomes available to the repayment of creditors rather than their own retirement plan.

Id. at 210.

3. The Johnson Decisions

Several bankruptcy courts have held that section 541(b)(7) authorizes a chapter 13 debtor to make voluntary postpetition

**MEMORANDUM DECISION REGARDING**
**TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF CHAPTER 13 PLAN**      -7-

contributions to a qualified retirement plan up to the maximum amount permitted under the non-bankruptcy law governing the type of plan in question. In re Gibson, 2009 WL 2868445 at *2-3 (Bankr. D. Idaho 2009); In re Mati, 390 B.R. 11, 15-17 (Bankr. D. Mass. 2008) In re Devilliers, 358 B.R. 849, 864-65 (Bankr. E.D. La. 2007); In re Leahy, 370 B.R. 620, 623-24 (Bankr. D. Vt. 2007); In re Shelton, 370 B.R. 861, 865-66 (Bankr. N.D. Ga. 2007); In re Nowlin, 366 B.R. 670, 676 (Bankr. S.D. Tex. 2007); In re Njuguna, 357 B.R. 689, 690 (Bankr. D.N.H. 2006); In re Johnson, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006). I will refer to these cases as the Johnson decisions, after the name of the first decision to adopt this analysis.

The Johnson decisions focus only on the language stating that the contributions specified "under this subparagraph [i.e. 541(b)(7)] shall not constitute disposable income as defined in section 1325(b)(2)." These decisions, all issued before Seafort, do not address the interpretive puzzle addressed in Seafort: that the amount excluded from disposable income under section 541(b)(7) is plainly linked to the debtor's postpetition contributions.

4. The Prigge Decision

Finally, one bankruptcy court held that section 541(b)(7) does not authorize a chapter 13 debtor to make voluntary postpetition retirement contributions in any amount. In re Prigge, 441 B.R. 667, 676-78 (Bankr. D. Mont. 2010); cf. In re Braulick, 360 B.R. 327, 330-31 (Bankr. D. Mont. 2006) (similarly interpreting § 541(b)(7) regarding a deferred compensation plan).

Prigge noted that in enacting section 1322(f), Congress expressly excluded from disposable income all amounts necessary to repay a loan from the debtor's retirement plan, and placed that

**MEMORANDUM DECISION REGARDING**
**TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF CHAPTER 13 PLAN**      -8-

exclusion within the confines of chapter 13 itself.  Prigge noted
that Congress did not adopt a similarly broad and unambiguous
exclusion for postpetition contributions to a retirement plan.  The
court concluded from this pattern that Congress did not intend to
create any exclusion for postpetition retirement contributions, and
that the function of section 541(b)(7) was merely to clarify that
retirement contributions withheld prepetition and still in the
possession of the employer on the petition date are neither
property of the estate nor postpetition income to the debtor.  Id.
at 677 n.5.

5.  Which Precedent is Most Persuasive?

This court is not persuaded by the Johnson decisions, which
hold that section 541(b)(7) excludes from disposable income all
postpetition retirement contributions permissible under the type of
retirement plan in question.  Those decisions are not persuasive,
because a close reading of section 541(b)(7) indicates that "such
amount" excluded from disposable income refers to prepetition
contributions.  With minor exceptions not relevant here, section
541(a) defines as property of the estate only property that the
debtor holds on the petition date: section 541(a)(1) provides that
property of the estate includes the "legal or equitable interest of
the debtor in property *as of the commencement of the case*"
(emphasis added), and section 541(a)(6) states that section 541
does not bring into the estate "earnings from services performed by
an individual debtor after the commencement of the case."[7]  Section

---

[7] In a chapter 13 case, postpetition personal service income becomes property of the estate under section 1306(a)(2), not under section 541.

**MEMORANDUM DECISION REGARDING**
**TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF CHAPTER 13 PLAN**      -9-

541(b) creates exceptions to section 541(a).  This structure suggests that section 541(b)(7) excludes from property of the estate only property that would otherwise be included in the estate under section 541(a).  Thus, the most natural reading of section 541(b)(7) is that it excludes from property of the estate only those contributions made before the petition date.  That Congress intended to exclude from disposable income only the same prepetition contributions excluded from property of the estate is indicated by its specifying the contributions excluded from property of the estate and then stating that "such amount" shall not constitute disposable income.

The <u>Johnson</u> decisions also fail to explain why Congress, if it intended to enact a categorical exclusion from disposable income for retirement contributions, did not use language similar to that of section 1322(f), which created a categorical exclusion for all postpetition retirement loan repayments, but instead adopted a provision that links the amount of the exclusion for retirement contributions to prepetition contributions.

<u>Seafort</u> and <u>Prigge</u> are more persuasive than the <u>Johnson</u> decisions, because they both limit the amount excluded from disposable income to prepetition contributions.  <u>Seafort</u> holds that the debtor is entitled to make postpetition retirement contributions at the *rate* that the debtor made such contributions prepetition.  <u>Seafort</u>, 437 B.R. at 209-10.  <u>Prigge</u> holds that the exclusion is limited to the *amount* that has been withheld by the employer but not yet transferred to the plan as of the petition date.  <u>Prigge</u>, 441 B.R. at 677 n.5.

At first glance, <u>Seafort</u> is more persuasive, because it adopts

**MEMORANDUM DECISION REGARDING**
**TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF CHAPTER 13 PLAN**   -10-

an attractive and plausible policy: that Congress intended to encourage chapter 13 debtors to continue making retirement contributions, but did not intend to permit debtors to increase their rate of contribution to the detriment of their creditors. Seafort, 437 B.R. at 210.

However appealing the result achieved in Seafort, close analysis of the language of the statute suggests that Congress actually intended the much more limited effect recognized in Prigge. First, neither the statute itself nor the Seafort decision offers any mechanism by which the *fixed amount* withheld as of the petition date is converted into a *monthly rate* of contribution that the debtor may continue postpetition. Second, and more important, Seafort does not take into account the use of the words "except that" at the beginning of the statutory language excluding retirement contributions from disposable income. Section 541(b)(7) provides that certain contributions to qualified plans are excluded from property of the estate, and concludes with the language at issue here: "*except that* such amount under this paragraph shall not constitute disposable income . . . " (emphasis added). Use of the term "except that" suggests that the purpose of the language is merely to counteract any suggestion that the exclusion of such contributions from property of the estate constitutes postpetition income to the debtor. If Congress had intended to exclude prepetition contributions from the calculation of disposable income more generally, it would have been much more natural for Congress to provide that such contributions are excluded from property of the estate "and" in the calculation of disposable income. Prigge's more limited interpretation is reinforced by the fact that Congress

used much more direct language in excluding retirement loan repayments from disposable income. Section 1322(f) was placed within the confines of chapter 13 itself, and states explicitly "any amounts required to repay such loan shall not constitute 'disposable income' under section 1325."

Congress's use of the words "except that" is entirely consistent with the <u>Prigge</u> decision, which held that the purpose of the statute was merely to clarify that the exclusion of certain prepetition contributions from property of the estate did not give rise to disposable income to the debtor. <u>Prigge</u>, 441 B.R. at 677 n.5. This court is mindful of its obligation to adopt an interpretation that accords some effect to the statutory language in question, and that <u>Prigge</u> gives that language a very limited effect, because it is unlikely even without the language in question that excluding sums earned by the debtor prepetition from property of the estate would ever be construed as creating postpetition disposable income to debtor. <u>Prigge</u>'s limited reading is entirely appropriate, however, because the statutory language itself discloses very modest aims. In using the words "except that," Congress suggests that its only purpose was to negate any inference that the exclusion of such contributions from property of the estate gives rise to income to the debtor.

**CONCLUSION**

Trustee's objection to confirmation of Debtor's chapter 13 plan is sustained. In calculating disposable income, Debtor may deduct loan repayments to his 401(k) retirement plan only until that loan is repaid. So long as Trustee or an unsecured creditor objects, this above-median-income Debtor may not make voluntary

**MEMORANDUM DECISION REGARDING**
**TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF CHAPTER 13 PLAN**    -12-

Case: 10-34281    Doc# 52    Filed: 06/08/11    Entered: 06/09/11 12:15:53    Page 12 of 13

postpetition contributions to his retirement plan.[8]  Debtor promptly shall file an amended chapter 13 plan.

**\*\*END OF MEMORANDUM DECISION\*\***

---

[8] As explained more fully in part B.1., above, there are circumstances in which a chapter 13 debtor can make postpetition contributions to a qualified benefit plan.  First, the court need not determine disposable income or projected disposable income unless the trustee or an unsecured creditor objects to confirmation of the plan. § 1325.  Thus, it is the trustee and unsecured creditors who determine the reasonableness of voluntary retirement contributions of an above-median-income debtor.  Second, contributions required by an employer can be deducted in determining disposable income under the IRS guidelines incorporated into section 707(b). Egebjerg, 574 F.3d at 1051-52.  Third, the expenses that may be claimed by a below-median-income debtor are not limited to those specified in section 707(b) and the IRS guidelines, and such a debtor may be able to establish that voluntary contributions are reasonable and necessary expenses.  In the present decision, the court decides only that section 541(b)(7) does not alter these general rules, but was enacted for the very limited purpose described in Prigge.

**MEMORANDUM DECISION REGARDING**
**TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF CHAPTER 13 PLAN**      -13-